# Exhibit "A"

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

*NOTE: All documents filed in this matter must be identified by both
adversary and bankruptcy case numbers, case chapter and judge's initials.*

In re: Redf Equities, LLC                                           Bankruptcy Case No.: 1−19−46820−ess

David J. Doyaga, Sr. as Trustee of the Estate of Redf Equities, LLC
                                         Plaintiff(s),
−against−                                                          Adversary Proceeding No. 1−21−01008−ess
David Augenstein
                                         Defendant(s)

# SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
# IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint, which is attached to this summons, to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk: |
|---|
| United States Bankruptcy Court |
| 271−C Cadman Plaza East, Suite 1595 |
| Brooklyn, NY 11201−1800 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: |
|---|
| Alex E. Tsionis |
| Rosen & Kantrow, PLLC |
| 38 New Street |
| Huntington, NY 11743 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Location: | Date and Time: |
|---|---|
| United States Bankruptcy Court, 271−C Cadman Plaza East, Courtroom 3585 − 3rd Floor, Brooklyn, NY 11201−1800 | March 30, 2021 at 10:30 AM |

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT, AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: January 22, 2021                          Robert A. Gavin, Jr., Clerk of the Court

**Summons** [Summons and Notice of Pretrial Conf. rev. 05/27/2016]

Rosen & Kantrow, PLLC
*Attorneys for David J. Doyaga, Sr., Plaintiff-Trustee*
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                          Chapter 7

REDF EQUITIES, LLC,                                             Case No.: 19-46820-ess

                               Debtor.
-------------------------------------------------------------x
DAVID J. DOYAGA, SR. as Trustee of the                         Adv. Pro. No.:
Estate of REDF EQUITIES, LLC,

                           Plaintiff,

        -against-

DAVID AUGENSTEIN,

                        Defendant.
-------------------------------------------------------------x

## <u>COMPLAINT</u>

        David J. Doyaga, Sr., as Chapter 7 Trustee (the "<u>Plaintiff</u>") of the Estate of Redf Equities,

LLC (the "<u>Debtor</u>"), by and through his counsel, Rosen & Kantrow, PLLC, respectfully submits

this, as and for his complaint (the "<u>Complaint</u>"), against David Augenstein (the "<u>Defendant</u>"), and

alleges as follows:

## <u>NATURE OF THE CASE</u>

        1.      This is an action by the Plaintiff, the Chapter 7 Trustee: (i) to recover the Transfer

(defined below) made by the Debtor in the sum of not less than $130,000.00, to the Defendant,

within the six (6) year reach-back period, for no consideration or reasonably equivalent value while

1

the Debtor was insolvent; (ii) to recover attorneys' fees and costs; together with (iii) such other, further and different relief as the Court deems just, proper and equitable.

2.      This is a case where the Debtor repaid the Defendant at least $130,000.00 more than the Debtor was obligated to pay causing the Defendant to receive at least a $130,000.00 windfall.

3.      As such, the Plaintiff seeks to avoid and recover the Transfer made by the Debtor, to or for the benefit of the Defendant.

4.      In addition, the Plaintiff seeks to disallow, pursuant to Sections 502(d) and (j), Title 11, United States Code (the "Bankruptcy Code"), any claim that the Defendant filed or asserted against the Debtor or its estate, or that has been scheduled by the Debtor for the Defendant until such time as the Transfer has been recovered by the Plaintiff.

5.      The Plaintiff does not waive and hereby reserves all of his rights to object to any such claim(s) for any reason including, but not limited to, any reason set forth in Section 502(a) through (j) of the Bankruptcy Code.

6.      The Plaintiff brings this action here because the Plaintiff is the Trustee of the Debtor's estate.

7.      In this suit, the Plaintiff seeks to recover for two separate categories of damages.

8.      *First*, the Plaintiff seeks to recover the Transfer or the value of the Transfer in an amount to be determined at trial but not less than $130,000.00.

9.      *Second*, under the New York Debtor and Creditor Law (the "DCL"), the Defendant is liable for the Plaintiff's attorneys' fees and costs in bringing this action.

## JURISDICTION AND VENUE

10.     This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (F), (H), and (O) and 1334, and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

11.     The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

12.     This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. § 1409(a).

13.     The statutory predicates for the relief sought herein include Sections 105, 323, 502, 541, 542, 544, 548 and 550 of the Bankruptcy Code, Rules 6009 and 7001 of the Bankruptcy Rules, Sections 273, 274, 275, 276, and 276-a of the DCL, New York common law and any common law, rule, regulation and/or any applicable law of any other jurisdiction in which assets that are property of the estate currently unknown to the Plaintiff are located.

14.     Pursuant to Rule 7008 of the Bankruptcy Rules, the Plaintiff consents to the entry of final orders and judgments by the Court presiding over this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

15.     The Plaintiff is the Chapter 7 Trustee herein. The Plaintiff has a mailing address of 26 Court Street, Suite 1601, Brooklyn, New York 11242.

16.     The Defendant is an individual and has a mailing address of 1718 E 31st St Brooklyn, New York 11234.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.     The Bankruptcy Filing and Appointment of the Trustee**

17.     On November 13, 2019 (the "Petition Date"), an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against the Debtor.

18.     On March 13, 2020, an Order for Relief was entered, and the Debtor was directed to file schedules. The Debtor failed to comply with the Court's order and the petitioning creditor, Jerome Williams (the "Petitioning Creditor"), filed schedules on behalf of the Debtor.

19.     Thereafter, David J. Doyaga, Sr. was appointed interim Chapter 7 Trustee of the Debtor's bankruptcy estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtor's bankruptcy estate.

20.     The Debtor's principal, Hershy Meisels, failed to appear at the section 341(a) meeting of creditors.

**B.     The Predicate Debt**

21.     The Debtor was indebted to creditors as of the date of the Transfer.

22.     On February 16, 2017, prior to the Transfer date, the Petitioning Creditor commenced a civil action against the Debtor captioned *Jerome Williams v. Redf Equities, LLC, Tomer Dafna, Iskyo Aronov, David Augenstein, and Herman Meisels*, in the Supreme Court of the State of New York, Kings County, Index Number 503186/2017 (the "State Court Action").

23.     On May 28, 2019, the court in the State Court Action entered a judgment in favor of the Petitioning Creditor in the amount of $457,282.00.

24.     No part of that judgment has been paid.

**C.**    **The Real Property, the Assignment and the Mortgages**

25.    As of the Petition Date, the Debtor was a single asset real estate entity owning the real property commonly known as 155 Wyona Street, Brooklyn, New York, 11207 (the "Real Property").

26.    The Debtor acquired title to the Real Property by deed dated March 20, 2015 and recorded on June 2, 2015 with the Office of the City Register of the City of New York under CRFN 2015000183549.

27.    On or about March 16, 2015, the Debtor executed and delivered a note to the Defendant in the principal amount of $270,000.00. To secure repayment of this note, the Debtor granted the Defendant a mortgage in the Real Property ("Mortgage 1"). Mortgage 1 was recorded on June 2, 2015 with the Office of the City Register of the City of New York under CRFN 2015000183550.

28.    On or about May 17, 2018, the Defendant assigned (the "Assignment") Mortgage 1 to Patch of Land Lending, LLC (the "POL").

29.    On or about May 18, 2018, the Debtor granted POL a mortgage in the amount of $160,000.00 ("Mortgage 2"). Mortgage 2 was recorded on June 21, 2018 with the Office of the City Register of the City of New York under CRFN 2018000205221.

30.    On the same day, the Debtor executed a Consolidation, Extension and Modification agreement (the "CEMA") whereby Mortgage 1 and Mortgage 2 were consolidated into a single loan in the principal amount of $430,000.00 in favor of POL. The CEMA was recorded on June 21, 2018 with the Office of the City Register of the City of New York under CRFN 2018000205222.

**D.**    **The Third-Party Transfer and the Third-Party Transferees**

31.    At the time of the Assignment and the closing of the CEMA, the Defendant sought a payoff for Mortgage 1 in the amount of $424,000.00 (the "Payoff Quote"). A copy of the Payoff Quote is annexed hereto as **Exhibit "A"**.

32.    The settlement statement (the "HUD-1") in connection with the CEMA also evidences the Defendant's Payoff Quote in the amount of $424,000.00. A copy of the HUD-1 is annexed hereto as **Exhibit "B"**.

33.    The Defendant's Payoff Quote sought principal in the amount of $400,000.00, which is $130,000.00 more than Mortgage 1's principal loan amount of $270,000.00.

34.    The Plaintiff obtained a Rule 2004 order that required the Defendant to turn over all documents related to Mortgage 1 and or to any loans as to the Debtor. The bank records turned over by the Defendant pursuant to the Rule 2004 order and subpoena[1] evidence that at least $110,000.00 was paid by the Defendant to entities other than the Debtor (the "Third-Party Transfer").

35.    The proceeds from the Third-Party Transfer were distributed by wire to various third-parties as follows:

(i)    The Golden Group Realty, Inc. received $30,763.00 on December 22, 2015;

(ii)    Herman Niederman received $63,237.00 on December 22, 2015;

(iii)    The Pesetsky and Zack Trust received $10,000.00 on December 22, 2015; and

(iv)    Shimon Klepner received $6,000.00 on December 22, 2015 (The Golden Group Realty, Inc., Herman Niederman, the Pesetsky and Zack Trust and Shimon Klepner, collectively, the "Third-Party Transferees").

---

[1] The Defendant failed to appear for a duly noticed 2004 deposition after being granted at least one adjournment and then refusing to appear.

**E.**     **The Transfer to the Defendant**

36.     On or about May 18, 2018 (after the Third-Party Transfer to the Third-Party Transferees), the Debtor, in connection with the Assignment and the closing of the CEMA, transferred or caused to be transferred (the "Transfer") to the Defendant the sum of $424,000.000 consisting of $400,000.00 in principal and $24,000.00 in interest.

37.     The Defendant, however, was only entitled to receive $270,000.00 in principal as per the terms of Mortgage 1.

38.     The Defendant instead received from the Debtor at least $130,000.00 more in principal than what he was entitled to under the terms of Mortgage 1.

39.     Except for Mortgage 1, the Defendant did not make any additional written loans to the Debtor.

40.     The Third-Party Transfer to the Third-Party Transferees was not for the benefit of the Debtor.

41.     The Debtor did not receive the proceeds or the benefit of the Third-Party Transfer.

42.     The Plaintiff subpoenaed, and the Defendant failed to provide proof of any additional written loans by the Defendant to the Debtor.

43.     The Defendant failed to provide proof evidencing that the Defendant advanced additional funds to the Debtor on account of additional loans, which the Debtor received the proceeds and benefit of.

44.     The Transfer was made within the two (2) year reach-back period under the Bankruptcy Code.

45.     The Transfer was made within the six (6) year reach-back period under the DCL.

46.     The Transfer was made at a time when the Debtor was insolvent, or the Transfer rendered the Debtor insolvent.

47.     The Debtor received no consideration or reasonably equivalent value for the Transfer.

48.     At the time of the Transfer, the Debtor was indebted to creditors and the Debtor was not paying its obligations as they became due and owning.

49.     The Transfer was made by or on behalf of the Debtor, to the Defendant, with actual intent to hinder, delay, or defraud the Debtor's creditors.

50.     The Transfer is property of the Debtor's bankruptcy estate.

## RESERVATION OF RIGHTS

51.     During the course of this adversary proceeding, the Plaintiff may learn (through discovery or otherwise) of additional causes of action. Accordingly, the Plaintiff reserves his right to amend this Complaint to include: (i) further information regarding the allegations herein; (ii) revisions to the Defendant's name; (iii) additional defendants; (iv) additional causes of action; and/or (v) to seek recovery of such additional transfers (the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Property and Turn Over of Property of the Estate under 11 U.S.C. §§ 541 and 542)

52.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "51" as if set forth fully herein.

53.     The Debtor has a legal and equitable interest in the Transfer.

54.     The Debtor's legal and equitable interest in the Transfer is property of the Debtor's estate.

55.     The Defendant had no right or entitlement to the Transfer or the benefit thereof.

56.     By reason of the foregoing, and in accordance with Sections 541 and 542 of the Bankruptcy Code, the Plaintiff is entitled to the entry of an order and judgment directing the Defendant to turn over any and all property of the Debtor's estate including, but not limited to, the Transfer, in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### SECOND CLAIM FOR RELIEF
### (Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B))

57.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "56" as if set forth fully herein.

58.     The Transfer was made within two (2) years of the Petition Date.

59.     The Debtor received no consideration or reasonably equivalent value in exchange for the Transfer.

60.     Upon information and belief, the Debtor: (a) was insolvent on the date of the Transfer or became insolvent as a result of the Transfer; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with it was an unreasonably small capital; or (c) intended to incur or believed that it would incur debts beyond its ability to pay as they matured.

61.     At the time of the Transfer, the Debtor was insolvent, or had incurred, or was intending to incur, debts beyond its ability to pay them as they became due at the time of the Transfer.

62.     At the time of the Transfer, the Debtor knew, or should have known, its creditors

held claims against it.

63.     The Transfer constitutes a fraudulent transfer under Section 548(a)(1)(B) of the

Bankruptcy Code.

64.     By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfer

pursuant to Sections 548(a)(1)(B) and 550 of the Bankruptcy Code and a judgment against the

Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00,

plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

**THIRD CLAIM FOR RELIEF**
**(Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(A))**

65.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1"

through "64" as if set forth fully herein.

66.     The Transfer was made within two (2) years of the Petition Date.

67.     At the time of the Transfer, the Debtor knew, or should have known, that its

creditors held claims against it.

68.     Upon information and belief, the Transfer was made by the Debtor with the intent

to hinder, delay, or defraud its creditors.

69.     The Transfer constitutes a fraudulent transfer under Section 548(a)(1)(A) of the

Bankruptcy Code.

70.     By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfer

pursuant to Sections 548(a)(1)(A) and 550 of the Bankruptcy Code and a judgment against the

Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00,

plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

**FOURTH CLAIM FOR RELIEF**
**(Fraudulent Transfer under § 273 of the DCL)**

71.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "70" as if set forth fully herein.

72.     The Transfer was made within six (6) years of the Petition Date.

73.     At the time of the Transfer, the Debtor was insolvent or was thereafter rendered insolvent.

74.     Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Transfer.

75.     The Transfer constitutes a fraudulent transfer in violation of Section 273 of the DCL.

76.     Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 273 of the DCL, the Plaintiff may avoid the Transfer.

77.     By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfer pursuant to Section 273 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

**FIFTH CLAIM FOR RELIEF**
**(Fraudulent Transfer under § 274 of the DCL)**

78.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "77" as if set forth fully herein.

79.     The Transfer was made within six (6) years of the Petition Date.

80.     At the time of the Transfer, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in its hands after the Transfer was an unreasonably small capital.

81.     Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Transfer.

82.     The Transfer constitutes a fraudulent transfer in violation of Section 274 of the DCL.

83.     Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 274 of the DCL, the Plaintiff may avoid the Transfer.

84.     By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfer pursuant to Section 274 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## SIXTH CLAIM FOR RELIEF
### (Fraudulent Transfer under § 275 of the DCL)

85.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "84" as if set forth fully herein.

86.     The Transfer was made within six (6) years of the Petition Date.

87.     At the time of the Transfer, the Debtor intended or believed that it would incur debts beyond its ability to pay as they matured.

88.     Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Transfer.

89.     The Transfer constitutes a fraudulent transfer in violation of Section 275 of the DCL.

90.      Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 275 of the DCL, the Plaintiff may avoid the Transfer.

91.      By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfer pursuant to Section 275 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## SEVENTH CLAIM FOR RELIEF
### (Fraudulent Transfer under § 276 of the DCL)

92.      The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "91" as if set forth fully herein.

93.      The Transfer was made within six (6) years of the Petition Date.

94.      The Transfer was made by the Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor in violation of Section 276 of the DCL.

95.      Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 276 of the DCL, the Plaintiff may avoid the Transfer.

96.      By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfer pursuant to Section 276 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## EIGHTH CLAIM FOR RELIEF
### (Fraudulent Transfer under § 276-a of the DCL)

97.      The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "96" as if set forth fully herein.

98.      The Transfer was made within six (6) years of the Petition Date.

99.     The Transfer was made by the Debtor and received by the Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

100.     The Transfer was received by the Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

101.     The Transfer constitutes a fraudulent transfer of the Debtor's assets in violation of Section 276-a of the DCL.

102.     By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant, under Section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

**NINTH CLAIM FOR RELIEF**
**(Unjust Enrichment Under New York Law)**

103.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "102" as if set forth fully herein.

104.     The Defendant was enriched as a result of the Transfer.

105.     The enrichment of the Defendant was at the expense of the Debtor.

106.     The circumstances relating to the Transfer are such that equity and good conscience require the Defendant to compensate the Debtor's estate.

107.     By reason of the foregoing, the Plaintiff is entitled to an order and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## TENTH CLAIM FOR RELIEF
### (Disallowance of Claims under 11 U.S.C. §§ 502(d) and (j))

108.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "107" as if set forth fully herein.

109.    The Defendant is a transferee of a transfer avoidable pursuant to Sections 544 and 548 of the Bankruptcy Code, which property is recoverable under Section 550 of the Bankruptcy Code.

110.    The Defendant has not paid the value of the Transfer or turned over such property for which it is liable under Section 550 of the Bankruptcy Code to the Plaintiff.

111.    Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of the Defendant against the Debtor, including any and all claims assigned by the Defendant, must be disallowed until such time as the Defendant pays the Plaintiff an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

112.    Pursuant to Section 502(j) of the Bankruptcy Code, any and all previously allowed claims of the Defendant against the Debtor, including any and all claims assigned by the Defendant, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

**WHEREFORE**, the Plaintiff demands judgments on his claims for relief against the Defendant as follows:

i.    on his First Claim For Relief, an order and judgment directing the Defendant to turn over any and all property of the Debtor's estate including, but not limited to, the Transfer, in an

amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

ii.    on his Second Claim For Relief, an order avoiding the Transfer pursuant to Section 548(a)(1)(B) of the Bankruptcy Code and a judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

iii.    on his Third Claim For Relief, an order avoiding the Transfer pursuant to Section 548(a)(1)(A) of the Bankruptcy Code and a judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

iv.    on his Fourth Claim For Relief, an order avoiding the Transfer pursuant to Section 273 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

v.    on his Fifth Claim For Relief, an order avoiding the Transfer pursuant to Section 274 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

vi.    on his Sixth Claim For Relief, an order avoiding the Transfer pursuant to Section 275 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

vii.    on his Seventh Claim For Relief, an order avoiding the Transfer pursuant to Section 276 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

viii.    on his Eight Claim For Relief, a judgment against the Defendant, under Section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action;

ix.    on his Ninth Claim For Relief, an order and judgment against the Defendant based on unjust enrichment in an amount as yet undetermined, but in no event believed to be less than $130,000.00, plus interest thereon, costs, or such other amount as may be determined by the Court;

x.    on his Tenth Claim For Relief, disallowing any claims filed or otherwise held by the Defendant against the Debtor's estate until the Defendant pays to the Plaintiff or turns over to the Plaintiff property for which it is liable pursuant to Sections 502(d) and (j) of the Bankruptcy Code; and

xi.    for all costs, disbursements and expenses, including attorneys' fees, in connection with this action, together with such other, further and different relief as this Court may deem just and proper.

Dated: January 21, 2021
Huntington, New York

**Rosen & Kantrow, PLLC**
*Counsel to David J. Doyaga, Sr. as*
*Chapter 7 Trustee of the Estate*
*of Redf Equities, LLC*

By:    */s/ Avrum J. Rosen*
Avrum J. Rosen, Esq.

Alex E. Tsionis, Esq.
38 New Street
Huntington, New York 11743
(631) 423-8527
arosen@rkdlawfirm.com
atsionis@rkdlawfirm.com

# Exhibit "A"

# DAVID AUGENSTEIN AS NOMINEE
## 1149 EAST 34th Street, Brooklyn, NY 11210

May 15, 2018

**REDF Equities LLC**
**155 Wyona Avenue,**
**Brooklyn, NY**

Re: 155 Wyona Avenue, Brooklyn, NY

Principal amount of the loan                    **$400,000**

Total Due                                       **$424,000.**

Wires should be made to:

The Law Offices of David Augenstein PC
IOLA Trust Account
1149 East 34th Street
Brooklyn, NY 11210

JP Morgan Chase Bank
6501 18th Avenue
Brooklyn, NY 11204
Routing # ███████
Account ██████7872

These figures are subject to verification by the Lender the day of closing.

s/David Augenstein_____
By: David Augenstein, Authorized Signatory

# Exhibit "B"



**A. Settlement Statement (HUD-1)**

OMB Approval No. 2502-0265

| B. Type of Loan | | | |
|---|---|---|---|
| 1.☐ FHA  2.☐ RHS  3.☒ Conv. Unins<br>4.☐ VA   5.☐ Conv. Ins | 6. File Number: | 7. Loan Number: ▉▉▉ | 8. Mortgage Insurance Case Number: |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower:<br>REDF Equities LLC<br>155 Wyona Street<br>Brooklyn, NY 11207 | E. Name & Address of Seller: | F. Name & Address of Lender:<br>Patch Of Land Lending, LLC.<br>ISAOA/ATIMA<br>15000 Ventura Blvd., Ste 202<br>Sherman Oaks, CA 91403 |
|---|---|---|
| G. Property Location:<br>155 Wyona Street<br>Brooklyn, NY 11207 | H. Settlement Agent:<br>Kaplan, Kaplan & DiTrapani, LLP.<br>6901 Jericho Turnpike, Suite 100<br>Syosset, NY 11791 | TIN:<br><br>Phone: (516) 801-6363 |
| Lot:<br><br>Block: | Place of Settlement:<br>1149 East 34th Street<br>Brooklyn, NY 11210 | I. Settlement Date:  5/18/2018<br><br>Funding Date:  5/18/2018 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 86,644.65 | 403. | |
| 104. David Augestein, as Nominee | 424,000.00 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes:            to | | 406. City/town taxes:            to | |
| 107. County taxes:            to | | 407. County taxes:            to | |
| 108. Assessments:            to | | 408. Assessments:            to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | 510,644.65 | **420. Gross Amount Due To Seller** | |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 430,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes:            to | | 510. City/town taxes:            to | |
| 211. County taxes:            to | | 511. County taxes:            to | |
| 212. Assessments:            to | | 512. Assessments:            to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | 430,000.00 | **520. Total Reduction Amount Due Seller** | |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross Amount due from borrower (line 120) | 510,644.65 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | 430,000.00 | 602. Less reductions in amount due seller (line 520) | |
| **303. Cash ☒ From ☐ To Borrower** | 80,644.65 | **603. Cash ☒ To ☐ From Seller** | 0.00 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

© 2009-2016 Easy Soft. Previous editions are obsolete.                Page 1 of 3                HUD-1

| L. Settlement Charges        File Number:        Loan Number: ▮ | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| **700. Total Real Estate Broker Fees** | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. $                                              to | | | |
| 702. $                                              to | | | |
| 703. Commission paid at settlement | | | |
| 704. | | | |
| **800. Items Payable In Connection With Loan** | | | |
| 801. Our origination charge                                      $ | (from GFE #1) | | |
| 802. Your credit or charge (points) for the specific interest rate chosen    $ | (from GFE #2) | | |
| 803. Your adjusted origination charges Patch Of Land Lending, LLC. | (from GFE A) | 7,525.00 | |
| 804. Appraisal fee to Patch of Land Lending, LLC. $299.00 POCB | (from GFE #3) | 551.00 | |
| 805. Credit report to | (from GFE #3) | | |
| 806. Tax service to | (from GFE #3) | | |
| 807. Flood certification | (from GFE #3) | | |
| 808. | | | |
| 809. Underwriting fee to Patch of Land Lending, LLC | (from GFE #3) | 400.00 | |
| 810. | | | |
| 811. Broker fee  to GCRE Advisors | (from GFE #3) | 5,375.00 | |
| **900. Items Required By Lender To Be Paid In Advance** | | | |
| 901. Daily interest charges from 5/18/2018 to 6/1/2018 @ $104.51/day | (from GFE #10) | 1,463.19 | |
| 902. Mortgage insurance premium for 0 months to | (from GFE #3) | | |
| 903. Homeowner's insurance for 0 years to | (from GFE #11) | | |
| 904. Tax Arrears/ECS to Barrister Title Agency | | 48,147.06 | |
| 905. Water/Sewer to Barrister Title Agency | | 12,600.00 | |
| **1000. Reserves Deposited With Lender** | | | |
| 1001. Initial deposit for your escrow account | (from GFE #9) | | |
| 1002. Homeowner's insurance          months @      per mo         $ | | | |
| 1003. Mortgage insurance          months @      per mo         $ | | | |
| 1004. Property taxes          months @      per mo         $ | | | |
| 1005.          months @      per mo         $ | | | |
| 1006.          months @      per mo         $ | | | |
| 1007. Aggregate Adjustment          $0.00 | | | |
| **1100. Title Charges** | | | |
| 1101. Title services and lender's title insurance | (from GFE #4) | 6,683.40 | |
| 1102. Settlement or closing fee Kaplan, Kaplan & DiTrapani LLP.   $3,500.00 | | | |
| 1103. Owner's title insurance | (from GFE #5) | | |
| 1104. Lender's title insurance Barrister Title Agency   $1,036.00 | | | |
| 1105. Lender's title policy limit          $430,000.00 | | | |
| 1106. Owner's title policy limit          $ | | | |
| 1107. Agent's portion of the total insurance premium          $ | | | |
| 1108. Underwriter's portion of the total insurance premium          $ | | | |
| 1109. Title Searches to Barrister Title Agency          $1,411.40 | | | |
| 1110. Endorsements to Barrister Title Agency          $336.00 | | | |
| 1111. Closing fee to Tom Logalbo          $400.00 | | | |
| **1200. Government Recording and Transfer Charges** | | | |
| 1201. Government recording charges | (from GFE #7) | 1,050.00 | |
| 1202. Deed $          Mortgage $250.00          Release $ | | | |
| 1203. Transfer taxes | (from GFE #8) | 2,850.00 | |
| 1204. City/County tax/stamps: Deed $          Mortgage $ | | | |
| 1205. State tax/stamps: Deed $          Mortgage $2,850.00 | | | |
| 1206. Lender's Portion $ 400 POCL          $ | | | |
| 1207. Termination/Assignments/CEMA/ALR          $800.00 | | | |
| **1300. Additional Settlement Charges** | | | |
| 1301. Required services that you can shop for | (from GFE #6) | | |
| 1302. | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |
| 1308. | | | |
| **1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K)** | | 86,644.65 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____          _____          _____
REDF Equities LLC                                   Buyer/Borrower                                   Seller

_____                                                             _____
                                                    Buyer/Borrower                                   Seller

This Settlement Statement which I've prepared is a true and accurate account of this transaction. I've caused or will cause the funds to be disbursed in accordance with this statement.

_____          _5/18/2018_____
Kaplan, Kaplan & DiTrapani, LLP.          Settlement Agent          Date

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment.

© 2009-2016 Easy Soft. Previous editions are obsolete.          Page 2 of 3          HUD-1

| Comparison of Good Faith Estimate (GFE) and HUD-1 Charges | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| **Charges That Cannot Increase** | **HUD-1 Line Number** | | |
| Our origination charge | #801 | 0.00 | 0.00 |
| Your credit or charge (points) for the specific rate chosen | #802 | 0.00 | 0.00 |
| Your adjusted origination charges | #803 | 0.00 | 7,525.00 |
| Transfer taxes | #1203 | 0.00 | 2,850.00 |

| Charges That in Total Cannot Increase More Than 10% | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Government recording charges | #1201 | 0.00 | 1,050.00 |
| Appraisal fee | #804 | 0.00 | 551.00 |
| Underwriting fee | #809 | 0.00 | 400.00 |
| Broker fee | #811 | 0.00 | 5,375.00 |

| | Good Faith Estimate | HUD-1 |
|---|---|---|
| **Total** | 0.00 | 7,376.00 |
| **Increase between GFE and HUD-1 Charges** | 7,376.00 | |

| Charges That Can Change | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Initial deposit for your escrow account | #1001 | 0.00 | 0.00 |
| Daily interest charges | #901 | 0.00 | 1,463.19 |
| Homeowner's insurance | #903 | 0.00 | 0.00 |

**Loan Terms**

| | |
|---|---|
| Your initial loan amount is | $ |
| Your loan term is | Years |
| Your initial interest rate is | % |
| Your initial monthly amount owed for principal, interest, and any mortgage insurance is | $   includes<br>☐ Principal<br>☐ Interest<br>☐ Mortgage Insurance |
| Can your interest rate rise? | ☒ No. ☐ Yes, it can rise to a maximum of   %. The first change will be on   and can change again every   after   . Every change date, your interest rate can increase or decrease by   %. Over the life of the loan, your interest rate is guaranteed to never be lower than   % or higher than   %. |
| Even if you make payments on time, can your loan balance rise? | ☒ No. ☐ Yes, it can rise to a maximum of $   . |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | ☒ No. ☐ Yes, the first increase can be on   and the monthly amount owed can rise to $   . The maximum it can ever rise to is $   . |
| Does your loan have a prepayment penalty? | ☒ No. ☐ Yes, your maximum prepayment penalty is $   . |
| Does your loan have a balloon payment? | ☒ No. ☐ Yes, you have a balloon payment of $   due in   years on   . |
| Total monthly amount owed including escrow account payments | ☒ You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance. You must pay these items directly yourself.<br>☐ You have an additional monthly escrow  payment of $   that results in a total initial monthly amount owed of $   . This includes principal, interest, any mortgage insurance and any items checked below:<br>☐ Property taxes        ☐ Homeowner's insurance<br>☐ Flood insurance       ☐<br>☐                       ☐ |

Note: If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

1040 (Form 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NO. |
|---|---|

| **PLAINTIFF(S)** | **DEFENDANT(S)** |
|---|---|
| David J. Doyaga, Sr. as Trustee of the Estate of Redf Equities, LLC | David Augenstein |

| **ATTORNEY(S)** (Firm Name, Address, Telephone No.) | **ATTORNEY(S)** (If Known) |
|---|---|
| Rosen & Kantrow, PLLC<br>38 New Street<br>Huntington, New York 11743<br>(631) 423-8527 | |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor   ☑ Trustee   ☐ Other | ☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor   ☐ Trustee   ☑ Other |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

This adversary proceeding is brought by the Chapter 7 Trustee to, among other things, recover: (i) a fraudulent conveyance made within the six (6) year reach-back period, in the amount of at least $130,000.00 for no consideration; and (ii) attorneys' fees and costs. The statutory predicates for the relief sought are: (i) 11 U.S.C. §§ 105, 323, 502, 541, 542, 544, 548 and 550, Title 11,United States Code; (ii) Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure; and (iii) Section 273 et seq. of N.Y. CLS Debt. & Cred. Law (2014).

## NATURE OF SUIT

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☑ 11 – Recovery of money/property - § 542 turnover of property
☐ 12 – Recovery of money/property - § 547 preference
☑ 13 – Recovery of money/property - § 548 fraudulent transfer
☑ 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 – Dischargeability - § 523(a)(5), domestic support
☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 – Dischargeability - § 523(a)(8), student loan
☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
☐ 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☐ 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☑ 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01 – Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand:  $ 130,000.00 |

Other Relief Sought:

Unjust enrichment and attorneys' fees and costs

| 1040 (Form 1040) (12/15), Page 2 | | |
|---|---|---|
| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
| NAME OF DEBTOR<br><br>Redf Equities, LLC | BANKRUPTCY CASE NO.<br><br>19-46820-ess | |
| DISTRICT IN WHICH CASE IS PENDING<br><br>Eastern District of New York | DIVISION OFFICE<br><br>Brooklyn | NAME OF JUDGE<br><br>Hon. Elizabeth S. Stong |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Alex E. Tsionis | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Alex E. Tsionis | |
| DATE<br><br>January 21, 2021 | | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet.  When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party.**  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 7

REDF EQUITIES, LLC,                                             Case No.: 19-46820-ess

                        Debtor.
------------------------------------------------------------x
DAVID J. DOYAGA, SR. as Trustee of the                          Adv. Pro. No.: 21-01008-ess
Estate of REDF EQUITIES, LLC,

                        Plaintiff,

      -against-

DAVID AUGENSTEIN,

                        Defendant.
------------------------------------------------------------x

## <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK    )
                        ) ss:
COUNTY OF SUFFOLK    )

      **ALEX E. TSIONIS**, being duly sworn, deposes and says:

      Deponent is not a party to this action, is over 18 years of age and resides in Suffolk County, New York;

      On the 22nd day of January, 2021, deponent served the **SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING [Adv. Pro. Dkt. No. 2] and COMPLAINT [Adv. Pro. Dkt. No. 1]**, upon the attorneys/parties listed on the annexed list at the addresses listed, said addresses designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York by First Class Mail:

See attached service list.

                                             */s/ Alex E. Tsionis*
Sworn to before me this                Alex E. Tsionis
22nd day of January, 2021

*/s/ Avrum J. Rosen*

Avrum J. Rosen
Notary Public, State of New York
No. 02RO4872542
Qualified in Suffolk County
Commission Expires September 8, 2022

## <u>Service List</u>

David Augenstein
1718 E 31st Street
Brooklyn, NY  11234-4438

David Augenstein
The Law Offices of David Augenstein
3006 Avenue M
Brooklyn, NY  11210-4710

David Augenstein
The Law Offices of David Augenstein PC
43-C 9th Street
Brooklyn, NY  11215-6842

Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014-4811