UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                      Chapter 7

REDF EQUITIES, LLC,                                          Case No.: 19-46820-ess

                                    Debtor.
---------------------------------------------------------------x
DAVID J. DOYAGA, SR. as Trustee of the              Adv. Pro. No.: 21-01008-ess
Estate of REDF EQUITIES, LLC,

                                  Plaintiff,

    -against-

DAVID AUGENSTEIN,

                                  Defendant.
---------------------------------------------------------------x

## PLAINTIFF'S AFFIDAVIT IN SUPPORT
## OF APPLICATION FOR DEFAULT JUDGMENT

STATE OF NEW YORK    )
                              )
COUNTY OF KINGS    )

       David J. Doyaga, Sr., the Trustee and Plaintiff herein (the "Plaintiff"), being duly sworn, deposes and states:

       1.      I am the Plaintiff in the above captioned adversary proceeding. Accordingly, I have personal knowledge of the statements contained herein, except to those that have been alleged upon information and belief. I offer this affidavit in support of my application seeking the entry of an Order granting judgment upon default.

       2.      I caused the summons and complaint (the "Complaint") to be served on David Augenstein (the "Defendant") on January 22, 2021, by depositing of a true copy of same enclosed

1

in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York by First Class Mail.

3. The Complaint sought to recover (i) the amount of $130,000.00 under (a) Sections 105, 323, 502, 541, 542, 544, 548 and 550 of Title 11, United States Code; (b) Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedures; and (c) Sections 273, 274, 275, 276, and 276-a of the New York Debtor and Creditor Law; and (ii) attorneys' fees and costs.

4. I caused the Complaint to be filed in this case. I, together with my counsel, personally reviewed Redf Equities, LLC's (the "Debtor") bankruptcy petition and schedules. Further, I, together with my counsel, identified the fraudulent conveyance made by the Debtor, to the Defendant, in the amount of $130,000.00, for no consideration or reasonably equivalent value, made within the six (6) year reach-back period and which fraudulent conveyance is property of the Debtor's estate (the "Fraudulent Transfer"). (Compl. ¶¶ 1, 2, 36, 38, 46, 47, 50, 52, 54, 59, 60, 73, 74, 81 and 88.)

5. The Fraudulent Transfer was made at a time when the Debtor was insolvent or the Fraudulent Transfer rendered the Debtor insolvent, the Debtor was indebted to creditors, the Debtor was not paying its obligations as they became due and owning and the Fraudulent Transfer was made by the Debtor, to the Defendant, with actual intent to hinder, delay, or defraud the Debtor's creditors. (Compl. ¶¶ 1, 46, 49, 60, 68, 73, 94, 99 and 100.)

6. The Debtor's bankruptcy case was commenced on November 13, 2019 by the filing of an involuntary petition by Jerome Williams (the "Petitioning Creditor"). On March 13, 2020, the Court entered an Order for Relief. According to the Order for Relief, the Debtor was directed to file schedules by April 1, 2020. The Debtor failed to comply with the Court's order and the Petitioning Creditor filed schedules on behalf of the Debtor. Although the schedules do not

disclose the Fraudulent Transfer, I, together with my counsel, reviewed certain documents such a payoff quote (the "Payoff Quote') and settlement statement (the "HUD-1"), which, upon information and belief, evidence the Fraudulent Transfer. A copy of the Payoff Quote and the HUD-1 are annexed to the Complaint as Exhibits "A" and "B" respectively.

7. The Defendant has failed to answer, move or otherwise appear in this adversary proceeding. The time for responding to the Complaint has expired. Accordingly, on March 30, 2021, my counsel appeared at this Court's Pretrial Conference and respectfully requested this Court to note the Defendant's default.

8. It is based upon this information that I, as the duly appointed estate representative, determined it was appropriate to seek to recover the Fraudulent Transfer from the Defendant. For the reasons stated in the accompanying Memorandum of Law, it is respectfully submitted that I have made out a *prima facie* case for an award of a judgment upon default.

/s/ David J. Doyaga, Sr.
David J. Doyaga, Sr.

Sworn to before me this
7th day of April, 2021

/s/ Avrum J. Rosen
Avrum J. Rosen
Notary Public, State of New York
No. 02RO4872542
Qualified in Suffolk County
Commission Expires September 8, 2022